# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 7:19-CV-339 |
| 4.674 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS; AND JOSE RAMIREZ, JR., | § § § § § § | |
| *Defendant.* | § | |

## ORDER FOR POSSESSION

On November 21, 2019, Plaintiff filed a motion for the delivery of possession along with a Complaint and Declaration of Taking with this Court in the above-referenced action. Plaintiff seeks the surrender from Defendant(s) of the estate defined as: a temporary, assignable easement beginning on the date this Court grants possession to the Plaintiff and ending 12 months later. The easement being claimed consists of the right of the United States, its agents, contractors and assigns to enter in, on, over and across certain tracts of land described with more certainty in Schedules C and D of the Declaration of Taking (Dkt No. 2).

The easement being sought gives the United States the right to survey, make borings, and conduct other investigations on the tracts of land described in the aforementioned Schedules for the public purpose of conducting surveys, tests, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicles barriers, security lighting, and related structures designed to help secure the United States/Mexico border within the State of Texas.  As part of the

easement, the United States has acquired the right to trim and remove any vegetative or structural obstacles on the properties that interfere with the aforementioned purpose and work.

The easement claimed reserves to the landowner(s), their successors and assigns all rights, title and privileges as may be used and enjoyed without interfering with or abridging the rights hereby acquired by the United States, subject to minerals and rights appurtenant and to existing easements for public roads and highways, public utilities, railroads and pipelines.

Now, having considered United States' motion for possession, this Court finds the following support for Plaintiff's motion:

On September 27, 2019, Plaintiff filed a proper complaint in the above-referenced action for the above-referenced action for the condemnation (taking) of the defendant's property for temporary easements and declaration of taking of those properties in accordance with 40 U.S.C. § 3114. On October 30, 2019, Plaintiff deposited into the Registry of this Court the sum of $100.00 as the estimated just compensation for the taking of the temporary easement to access defendant's property (Dkt No. 7), thus acquiring title to the temporary easement.

This Court, therefore, ORDERS that all defendants to the above-referenced action and all persons who own or claim ownership, possession and/or control of the property described in the aforementioned Schedules must allow the United States access to the property subject to the following terms:

The United States is hereby granted the right to survey, make borings, and conduct other related investigations on the tract of land described in the aforementioned Schedules for the public purpose of conducting surveys, tests, and other investigatory work needed to plan the proposed construction of roads, fencing, vehicles barriers, security lighting, and related structures designed to help secure the United States/Mexico border within the State of Texas. Additionally, the United

States is granted the right to trim or remove any vegetative or structural obstacles on the property that interfere with the aforementioned purpose and work. The easement acquired by the United States will begin immediately and will end twelve (12) months from the date this Order is entered. To the extent possible, the United States shall use contractors that have appropriate liability insurance. Any questions concerning just compensation for damages, if any, incurred by a defendant that have not been resolved will be addressed by this Court at a later date if and when raised by that defendant.

It is further ORDERED that a copy of this order shall be served by the United States upon all owners, all parties claiming ownership, and all persons in possession or control of the properties to the extent these are known.

Signed, this _____, 2019.

_____
**MICAELA ALVAREZ**
United States District Judge